UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

RAYMOND MAY,

        Plaintiff,

vs.

F/V LORENA MARIE, Official No. 939683, her Tackle, Apparel, Boats, Appurtenances, *In Rem*; JAMES SKONBERG and JANE DOE SKONBERG, husband and wife, *In Personam*,

        Defendants.

Case No. 3:09-cv-00114-JWS-JDR

**ORDER REGARDING MOTION TO COMPEL PRODUCTION OF PHOTOS AND FILM OR FOR APPLICATION OF SPOILATION OF EVIDENCE RULE [41]; MOTION TO QUASH DEPOSITIONS OF DARREN MULLER AND DEVIN [sic] SKONBERG AND FOR SANCTIONS [44]; and PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY ON A LIMITED BASIS [48]**

Dockets 41, 44 & 48

Plaintiff filed a Motion to Compel Production of Photos and Film or for Application of Spoliation of Evidence Rule at Docket 41. Defendants filed their

Opposition at Docket 50 and Plaintiffs Reply was filed at Docket 52. Plaintiff asserts that there exist a DVD, video film and photographs showing the collision between the F/V LORENA MARIE and the F/V NORTHWESTERN and the events surrounding the collision that have yet to be produced by the Defendants. He seeks the production of these items. In the alternative, he asks the court to apply the Spoliation of Evidence, or Establishment, Rule.

In response to Plaintiff's Motion at Docket 41 and to Plaintiff's request to depose Devon Skonberg and Daren Muller, Defendants filed a motion to quash the depositions and to sanction the Plaintiff for costs associated with the filing of the motion. Docket 44. Plaintiff filed a Response in Opposition at Docket 53. Defendants cite the close of discovery in July 2010 and Plaintiff's failure to provide reasonable notice in compliance with Federal Rule of Civil Procedure 30(b) in support of their Motion.

Finally, in response to Defendants' Motion at Docket 44, Plaintiff filed a Motion to Re-Open Discovery on a Limited Basis to allow for further investigation of the newly discovered videos and images relating to Daren Muller and Devon Skonberg at Docket 48. Defendants filed their Response in Opposition at Docket 55 and Plaintiff filed his Reply at Docket 56.

The facts surrounding the motions and the items requested are somewhat confusing. As such, a brief recitation is appropriate.

09-cv-114-JWS-JDR FV LORENA MARIE Order @ Dockets 41, 44 & 48 Re Discovery Spoliation, Sanctions & Re Opening of Discovery.wpd 2

Case 3:09-cv-00114-SLG   Document 57   Filed 05/16/11   Page 2 of 11

## I. Facts

On August 25, 2007, Defendant Skonberg's commercial fishing vessel, the F/V LORENA MARIE, and Plaintiff's commercial fishing vessel, the F/V NORTHWESTERN, collided during the "flare" opening for salmon in Kitoi Bay, Alaska. Several witnesses were taking still and video images from a runabout during the time the vessels collided. Defendants' grandson, Devon, Defendants' friend, Darren Muller, and Defendants' friend Donald Kewan, Jr., all took images (video and still) of the opener. Many of those images have been discovered.

Plaintiff claims there are still two videos which have not been discovered. One video was shot by Darren Muller. The other was shot by Donald Kewan, Jr., given to Devon Skonberg and transferred to DVD by Devon Skonberg. Mr. Kewan asserts he no longer has control of his video and the Plaintiff seeks discovery of the original Kewan video, and all DVDs made therefrom.[1]

The Plaintiff, through viewing other images of the events of the day, also learned that some still and video images were shot by Defendants' grandson, Devon Skonberg. After requesting the images from Devon Skonberg over a period of months, the Plaintiffs were given some of the images on November 12, 2010. Plaintiff alleges that the images which were given to the Plaintiff by the Defendant

---

[1] It appears that some edited version(s) of this video have been produced by the Defendant. However, Plaintiff seeks the original, full-length video, along with all copies of the DVDs.

09-cv-114-JWS-JDR FV LORENA MARIE Order @ Dockets 41, 44 & 48 Re Discovery Spoilation, Sanctions & Re Opening of Discovery.wpd 3

Case 3:09-cv-00114-SLG   Document 57   Filed 05/16/11   Page 3 of 11

were incomplete.[2] The images produced appear to capture events before and after the collision, but not the collision itself. In the interim, Devon Skonberg claims to have recently lost the computer hard drive which contained the images. Devon stated in a filed affidavit, however, that all relevant images and video clips were already turned over to the parties.[3]

The Plaintiff argues that the Defendants should have located and turned over Mr. Muller and Devon Skonberg's images months ago. Based on Muller and Devon Skonberg's locations during the collision (as seen in other videos and images already produced), Plaintiff believes these images not yet discovered likely will show who was at fault for the collision, thus bearing significantly on the outcome of the case. Defendant argues that there are no further items to be discovered.

Additionally, Plaintiff notes that the Defendants are acquaintances with Mr. Muller, serving on a board with the Defendant James Skonberg. And, Devon Skonberg is Defendants grandson and resides with the Defendants. Therefore, Plaintiff argues that it is the Skonbergs' responsibility to locate and produce the items in question.

Discovery closed in this matter on July 1, 2010.

---

[2] The photographs were digitally numbered and photos numbered 1-142, 156-178, 182-189, 191, 217, 225, and 231 and higher were left out of the discovery. *See* Docket 43, *Declaration of Steven V. Gibbons,* paragraph 6.

[3] *Declaration of Devon Skonberg*, Exhibit G, Docket 50-8,

09-cv-114-JWS-JDR FV LORENA MARIE Order @ Dockets 41, 44 & 48 Re Discovery Spoilation, Sanctions & Re Opening of Discovery.wpd 4

Case 3:09-cv-00114-SLG   Document 57   Filed 05/16/11   Page 4 of 11

## II. Analysis Regarding Docket 41

The Plaintiff requests alternative forms of relief. First, he seeks the production of Daren Muller's video, Donald Kewan Jr.'s video and the missing video and still images taken by Devon Skonberg. In the alternative, he seeks enforcement of the Spoilation of Evidence, or Establishment Rule.

Plaintiff cites Federal Rules of Civil Procedure 26 and 34 in support of his motion. Rule 26(a)(1) governs initial disclosures, requiring each party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Plaintiff asserts that the Defendants should have disclosed information about the videos and images taken by Mr. Muller, Mr. Kewan and Devon Skonberg as part of their initial disclosures, and to supplement the disclosures "in a timely matter."[4] Furthermore, despite the requirement for disclosures found in Rule 26, the Plaintiff specifically requested the information in Plaintiff's Interrogatory Number 2, for production of all DVDs and video tapes of the events.[5] These requests were timely under Federal Rule of Civil Procedure 34.

---

[4] *See* Federal Rule of Civil Procedure 26(e).

[5] *See* Docket 41, p. 8, *citing* Docket 43, Declaration of Gibbons at paragraph 4.

09-cv-114-JWS-JDR FV LORENA MARIE Order @ Dockets 41, 44 & 48 Re Discovery Spoilation, Sanctions & Re Opening of Discovery.wpd 5

Case 3:09-cv-00114-SLG   Document 57   Filed 05/16/11   Page 5 of 11

Defendants claim that the hard drive where Devon Skonberg stored the images he took has now been stolen or lost. And, they argue that Plaintiffs must make a showing that the producing party actually possesses a document in order to have a proper motion to compel.[6]

Because the Defendants failed to comply with the requests for production and the requirements of Rule 26, the Plaintiff asks for production now or for the court to issue an order pursuant to the Spoilation Rule. Plaintiff seeks for the court to rule that the facts the Plaintiff alleges (that the Plaintiff had the right of way and the Defendants did not and that the Defendants were at fault for the collision) would be confirmed by the missing images as stated in Plaintiff's deposition testimony.[7]

Spoilation is the "destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."[8] The Federal Court has the ability to impose sanctions for spoilation arising from the court's "inherent power to control the judicial process and litigation, but the power is limited to that necessary to redress conduct 'which abuses

---

[6] *See* Alaska R. Civ. P. 34; Fed. R. Civ. P. 34; *See also Ascom Hasler Mailing Systems, Inc.*, *v. U.S. Postal Service*, 267 F.R.D. 1 (D.D.C. 2010).

[7] *See Id.*

[8] *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (citing *Black's Law Dictionary* 1401 (6th ed. 1990)).

09-cv-114-JWS-JDR FV LORENA MARIE Order @ Dockets 41, 44 & 48 Re Discovery Spoilation, Sanctions & Re Opening of Discovery.wpd 6

Case 3:09-cv-00114-SLG   Document 57   Filed 05/16/11   Page 6 of 11

the judicial process.'"[9]  Prior to imposing sanctions, the court must first make a finding of fault.[10]  Then, the court should fashion a remedy which serves "the prophylactic, punitive, and remedial rationales underlying the spoilation doctrine."[11]

With respect to a party's duty to preserve material evidence, even if the party does not "own or control the evidence, he still has an obligation to give the opposing party notice of access to the evidence or of the possible destruction of the evidence if the party anticipates litigation involving that evidence."[12]

However, prior to imposing sanctions or redressing conduct, it must be shown whether the missing evidence is critical to the case of the moving party. [13]  Here, the Plaintiff asserts it is likely that the missing images would determine who was at fault for the collision.

---

[9] *Silvestri v. General Motors Corporation*, 271 F.3d 583, 590 (4th Cir. 2001).

[10] *Id.*

[11] *Id.* (quoting *West*, 167 F.3d at 779).

[12] *Id.* at 591 (citing *Andersen v. Schwartz*, 687 N.Y.S.2d 232, 234-35 (N.Y.Sup.Ct. 1999)); *see also Wm. T. Thompson Co. v. General Nutrition Corp., Inc.*, 593 F.Supp. 1443, 1455 ("While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.")

[13] *See Nichols v. State Farm Fare and Casualty Co.*, 6 P.3d 300, 304 (Alaska 2000); *see Babich v. River Oaks Toyota,* 879 N.E.2d 420 (1st Dist., 2007).

09-cv-114-JWS-JDR FV LORENA MARIE Order @ Dockets 41, 44 & 48 Re Discovery Spoilation, Sanctions & Re Opening of Discovery.wpd 7

Case 3:09-cv-00114-SLG   Document 57   Filed 05/16/11   Page 7 of 11

The Court will hold the Motion at Docket 41 in abeyance pending the depositions of Daren Muller & Devon Skonberg. Following the depositions, Plaintiff may file a supplement with information regarding the probative value of the images and video.

### III. Analysis Regarding Docket 44

Discovery in this matter formally closed July 1, 2010. Following the close of discovery, it was learned that the video originally discovered to the Plaintiff by the Defendants as Mr. Muller's video was actually taken by Mr. Kewan. It was also learned that Devon Skonberg, Defendants' Grandson, took video and still images during the time of the collision. The Defendants did not disclose the existence of the images taken by Devon Skonberg until after the close of discovery. Plaintiff began to seek Mr. Muller's video and the images taken by Devon Skonberg and the original video taken by Mr. Kewan. Part of that process was to request to depose Devon Skonberg and re-depose Mr. Muller.

Federal Rule of Civil Procedure 30(b) requires that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Defendants claims the Plaintiff only gave seven (7) days notice of the scheduled depositions and, therefore, Defendants sought a protective order to

09-cv-114-JWS-JDR FV LORENA MARIE Order @ Dockets 41, 44 & 48 Re Discovery Spoilation, Sanctions & Re Opening of Discovery.wpd 8

Case 3:09-cv-00114-SLG   Document 57   Filed 05/16/11   Page 8 of 11

prevent the depositions. This court granted Defendants' request as to quashing the depositions date of April 8, 2011.[14]

The court will not, however, sanction the Plaintiff as requested by the Defendant. Plaintiffs conduct and notice are not so egregious as to warrant sanctions. As will be noted further regarding the Plaintiff's Motion at Docket 48, it is reasonable for the court to re-open discovery to all for exploration of the video and still images taken by Devon Skonberg and Daren Muller.

Defendants' Motion for Sanctions at Docket 44 is HEREBY DENIED.

### IV. Analysis Regarding Docket 48

Plaintiff filed a Motion to Re-Open Discovery on a Limited Basis to allow for further investigation of the newly discovered videos and images relating to Daren Muller and Devon Skonberg. It is clear from Plaintiff's Motion at Docket 41 that there are newly discovered video and still images that are relevant. Plaintiff also asserts that the images not turned over in discovery by Devon Skonberg may also be relevant.

Defendant knew or should have known of the existence of the videos taken by Daren Muller and Donald Kewan and the images and video clips taken by Devon Skonberg. These individuals are family and friends of the Defendants and were present at the time of the incident. Disclosure of the existence of these images

---

[14] *See* Docket 47.

09-cv-114-JWS-JDR FV LORENA MARIE Order @ Dockets 41, 44 & 48 Re Discovery Spoilation, Sanctions & Re Opening of Discovery.wpd 9

Case 3:09-cv-00114-SLG   Document 57   Filed 05/16/11   Page 9 of 11

should have been made long ago. It is proper to re-open discovery to further examine the recently discovered images and to probe the content of the non-discovered images taken by Devon Skonberg, which Defendant now claims have been lost, the original video taken by Mr. Kewan and the video taken by Mr. Muller.

The Plaintiff's Motion at Docket 48 is HEREBY GRANTED. Plaintiff shall communicate with the Defendants and schedule depositions in accordance with Federal Rule 30(b). **The depositions shall be completed no later than July 1, 2011.** Further, should Devon Skonberg's hard drive be recovered, the images which were taken on the day of the incident which were not discovered to the Plaintiff shall be immediately made available.

//
//
//
//
//
//

V. Conclusion

The Motion to Compel or for Application of Spoilation Rule at Docket 41 is HEREBY HELD IN ABEYANCE pending the completion of depositions. The Motion at Docket 44 for Sanctions is HEREBY DENIED. The Motion at Docket

09-cv-114-JWS-JDR FV LORENA MARIE Order @ Dockets 41, 44 & 48 Re Discovery Spoilation, Sanctions & Re Opening of Discovery.wpd 10

Case 3:09-cv-00114-SLG   Document 57   Filed 05/16/11   Page 10 of 11

48 to Re-Open Discovery on a Limited Basis is HEREBY GRANTED.
Depositions shall be completed no later than July 1, 2011. Plaintiff's supplement to his Motion at Docket 41 shall be filed by close of business on July 15, 2011. Defendants' Response, if any, shall be filed by close of business on July 29, 2011.

        IT IS SO ORDERED.

        DATED this __16th__ day of May, 2011, at Anchorage, Alaska.

        /s/ John D. Roberts
        JOHN D. ROBERTS
        United States Magistrate Judge

09-cv-114-JWS-JDR FV LORENA MARIE Order @ Dockets 41, 44 & 48 Re Discovery Spoilation, Sanctions & Re Opening of Discovery.wpd 11

Case 3:09-cv-00114-SLG Document 57 Filed 05/16/11 Page 11 of 11