**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

RAYMOND MAY,

            Plaintiff,

     vs.

F/V LORENA MARIE, Official No.
939683, her Tackle, Apparel, Boats,
Appurtenances, *In Rem*; JAMES
SKONBERG and JANE DOE
SKONBERG, husband and wife, *In
Personam,*

            Defendants.

Case No. 3:09-cv-00114-JWS-JDR

<u>**ORDER REGARDING MOTION TO**</u>
<u>**COMPEL PRODUCTION OF**</u>
<u>**PHOTOS AND FILM OR FOR**</u>
<u>**APPLICATION OF SPOILATION**</u>
<u>**OF EVIDENCE RULE**</u>

Docket 41

      The Court previously addressed this Motion in part at Docket 57. The

Motion was held in abeyance pending further discovery. That discovery has been

completed and the Motion is now ripe for consideration. The Court has thoroughly

reviewed the pleadings and authority cited by the parties.

Plaintiff filed the *Motion to Compel Production of Photos and Film or for Application of Spoliation of Evidence Rule* at Docket 41. Defendant filed his Opposition at Docket 50 and Plaintiffs Reply was filed at Docket 52. As noted in the Court's Order at Docket 57, Plaintiff asserted that there existed a DVD, video film and photographs showing the collision between the F/V LORENA MARIE and the F/V NORTHWESTERN and the events surrounding the collision that had not yet been produced by the Defendant. He sought the production of those items. In the alternative, he asked the court to apply the Spoliation of Evidence, or Establishment, Rule. In response to Plaintiff's Motion at Docket 41 and to Plaintiff's request to depose Devon Skonberg and Darren Muller, Defendant filed a motion to quash the depositions and to sanction the Plaintiff for costs associated with the filing of the motion at Docket 44. Plaintiff filed a Response in Opposition at Docket 53.

In response to Defendant's Motion at Docket 44, Plaintiff filed a Motion to *Re-Open Discovery on a Limited Basis* to allow for further investigation of the newly discovered videos and images relating to Darren Muller and Devon Skonberg at Docket 48. Defendant filed his Response in Opposition at Docket 55 and Plaintiff filed his Reply at Docket 56. At Docket 57, the Court re-opened discovery so that the Plaintiff could depose Darren Muller and Devon Skonberg and ordered that any

09-cv-114-JWS-JDR LORENA MARIE Order @41 Re Motion to Compel Production of Photos and Film or for Applicaton of Spoliation Rule_mtd.wpd

2

images in the possession of Devon Skonberg be made available to the Plaintiff.[1] Also in the Order, the Court denied Defendant's Motion for Sanctions but noted it previously granted Defendant's request to quash certain depositions due to the short notice given by the Plaintiff.

Following the depositions and further discovery investigations, Plaintiff filed a *Supplemental Declaration of Steven V. Gibbons in Support of Plaintiff's Motion for Application of Establishment Rule and for Sanctions* at Docket 58. Defendant filed a *Supplemental Reply Relating to Plaintiff's Second Motion to Compel* at Docket 61. With leave from the Court, Plaintiff filed a *Reply to Defendants' "Supplemental Reply" on Motion to Compel Production of Photos and Film or for Application of Spoliation of Evidence Rule* at Docket 65. The original motion and all subsequent filings relating to the Motion are ready for consideration.

The facts surrounding the motions and the items requested are lengthy. A brief recitation is appropriate.

//

//

---

[1] *Order Regarding Motion to Compel Production of Photos and Film or for Application of Spoliation of Evidence Rule [41]; Motion to Quash Depositions of Darren Muller and Devin [sic] Skonberg and for Sanctions [44]; and Plaintiff's Motion to Re-Open Discovery on a Limited Basis [48]*; Docket 57.

09-cv-114-JWS-JDR LORENA MARIE Order @41 Re Motion to Compel Production of Photos and Film or for Applicaton of Spoliation Rule_mtd.wpd

3

<u>I.    Facts</u>[2]

On August 25, 2007, Defendant Skonberg's commercial fishing vessel, the F/V LORENA MARIE, and Plaintiff's commercial fishing vessel, the F/V NORTHWESTERN, collided during the "flare" opening for salmon in Kitoi Bay, Alaska.  Several witnesses were taking still and video images from a runabout during the time the vessels collided.  Defendant's grandson, Devon Skonberg, Defendant's friend, Darren Muller, and Defendant's friend Donald J. Kewan, Jr. (A.K.A. D.J. Kewan, Jr.), all took images (video and still) of the opener.  Many of those images have been discovered.[3]

Earlier in the case, the Defendant discovered to the Plaintiff a video that Defendant believed was recorded by Darren Muller on the day of the opener.  Upon closer inspection by the parties, it was discovered that Mr. Muller was in the footage thought to be shot by him.  Following further investigation, the Plaintiff learned that the Defendants' grandson, Devon Skonberg possessed still and video images of the

---

[2]The Fact section includes the facts as outlined in the Court's Order at Docket 57 plus all relevant facts which occurred after the Order issued.

[3]It appears that some edited version(s) of the videos taken by D.J. Kewan, Jr. were previously produced by the Defendants.  However, Plaintiff sought the original, full-length video, along with all copies of the DVDs.  Copies of the originals were not provided to Plaintiff until June 22, 2011, after the Court's Order of May 16, 2011 (Docket 57) and after the depositions taken in accordance with the same Court Order.  Plaintiff may have previously requested copies of the original videos, but he did not subpoena the originals until June of 2011.

opener taken by himself and his friend D.J. Kewan, Jr.   After requesting the images

from Devon Skonberg over a period of months, the Plaintiff was given some of the

images on November 12, 2010.  Plaintiff alleges that the images which were given

to him by the Defendant were incomplete.[4]  The images produced appear to capture

events before and after the collision, but not the collision itself.  Devon Skonberg

claims to have recently lost the computer hard drive which contained the images.

But, during Devon Skonberg's deposition on June 6, 2011, and in a affidavit filed by

the Defendant, Devon states that all still images were given to the Defendant's

counsel (and in turn discovered to the Plaintiff).[5]

The Plaintiff argues that the Defendant should have located and turned

over Mr. Muller and Devon Skonberg's images months prior to the close of

discovery.  Based on Darren Muller and Devon Skonberg's locations during the

collision (as seen in other videos and images already produced), Plaintiff believes

these images not yet discovered likely would show who was at fault for the collision,

thus bearing significantly on the outcome of the case.  Defendant argues that there

---

[4]The photographs were digitally numbered and photos numbered 1-142, 156-178, 182-189, 191, 217, 225, and 231 and higher were left out of the discovery.  *See* Docket 43, *Declaration of Steven V. Gibbons in Support of Plaintiff's Motion to Compel Production of Photos and Videos or for Application of Spoliation of Evidence Rule,* Docket 43, ¶ 6.

[5]*Deposition of Devon J. Skonberg*, Docket 59-1, tr. 39-40; *Declaration of Devon Skonberg*, Docket 50-8.

are no further items to be discovered and that they are not responsible for discovering these items; rather it is up to the Plaintiff, as Mr. Muller and Devon Skonberg are not parties to the case.

Additionally, Plaintiff notes that the Defendant is acquainted with Mr. Muller, who serves on a board with James Skonberg. And, Devon Skonberg is Defendant's grandson and resides with the Defendant. Therefore, Plaintiff argues that it is James Skonberg's responsibility to locate and produce the items in question.

Discovery closed in this matter on July 1, 2010. The Defendant produced some images to the Plaintiff around October or November of 2010. The Court issued an order at Docket 57 re-opening discovery through July 1, 2011, for the purpose of giving Plaintiff the opportunity to depose Darren Muller and Devon Skonberg. Steven Gibbons, attorney for the Plaintiff, deposed Devon Skonberg and D.J. Kewan, Jr. on June 7 and Darren Muller on June 9, 2009.[6]

In Devon Skonberg's deposition, he testified that he has been a member of the Defendant's household since early childhood and was raised by his grandparents.[7] Devon stated that the videos made by Darren Muller and D.J.

---

[6]Elizabeth Apostola, attorney for the Defendant was also present for the depositions.

[7]Docket 58, p. 2.

09-cv-114-JWS-JDR LORENA MARIE Order @41 Re Motion to Compel Production of Photos and Film or for Applicaton of Spoliation Rule_mtd.wpd

6

Kewan, Jr. were made at his request and that he has had since 2007 the three original video tapes of the opening taken by Mr. Kewan.[8]

Devon confirmed that the missing photos and video clips he took were in the Skonberg's household from August 2007 until the hard-drive was lost in January of 2011, except when the items were in defense counsel's possession, the possession of James Skonberg, Jr. and Devon's mother.[9] Devon stated that the photos and video clips were still in his possession in December 2010 when he met with the attorneys for the Defendant and had defense counsel or the Defendant asked for the items earlier he would have provided them. Devon stated he was not asked for the video clips or photos until the fall of 2010 (October or November) and then he gave them to James Skonberg, Jr. (Defendant's son) who was to deliver them to defense counsel.[10] Defendant James Skonberg states that he contacted his grandson and requested the photographs and video after he learned of the existence of the images.[11]

---

[8]*Id.*

[9]*Id.* at 3.

[10]*Id.* at 4.

[11]Docket 61, p. 2.

09-cv-114-JWS-JDR LORENA MARIE Order @41 Re Motion to Compel Production of Photos and Film or for Applicaton of Spoliation Rule_mtd.wpd

7

D.J. Kewan, Jr., during his deposition, stated that he filmed the events of the opener on the Skonberg's video camera at Devon's request and that he returned the camera to Devon that same day.[12]

Darren Muller was deposed again following the Court's Order at Docket 57 and stated that his video has not been found. He also stated that had he been asked for the video in 2008 or 2009, he likely would have been able to find it then. As to the content of his video, he stated he and Devon were filming in different areas of the boat.[13]

Paraig McDermott, a fisherman on the Defendant's boat at the time of the collision, stated in his deposition that the LORENA MARIE hit the NORTHWESTERN at the port stern of the NORTHWESTERN.[14] Plaintiff uses this information, in part, to bolster his assertion that the Court should infer that the missing images would show Defendants were at fault for the collision.

On June 22, 2011, copies of the original videos taken by Donald J. Kewan, Jr. were produced to the Plaintiff, after the depositions and re-depositions of the persons listed above.[15]

---

[12] *Docket 58*, p. 4.

[13] *Id.*

[14] *Id.* at 5.

[15] *Id.*

09-cv-114-JWS-JDR LORENA MARIE Order @41 Re Motion to Compel Production of Photos and Film or for Applicaton of Spoliation Rule_mtd.wpd

8

In summary, the parties made their initial disclosures and conducted relevant depositions. Over time, it was learned that there were far more images taken by Defendant's family and friends on the day of the collision then what was originally given to the Plaintiff in discovery. After many months, most of that information has now been shared with the Plaintiff. It is not disputed that this evidence was produced far after it should have been and was long in the control of Defendant's grandson, Devon Skonberg.

Plaintiff claims there are still three videos which have not been discovered. One video was shot by Darren Muller. The other two are clips which were shot by Devon Skonberg and transferred to his hard drive, then lost some time around December of 2010.[16]

## II. Analysis

The Plaintiff requests the court apply the Spoliation of Evidence or Establishment Rule and shift the relevant costs and fees incurred by the Plaintiff to the Defendant. Plaintiff's main argument is that there is no valid reason that the defense failed to provide the original full-length version of D.J. Kewan, Jr.'s video well before the depositions taken in June of 2011; that there is no valid reason the

---

[16] *See* Docket 59-1, tr. 54. Plaintiff fears that some of the still shots taken by Devon Skonberg at the flare opener were lost as the photos discovered were numbered and there are numbers missing in the sequence. Devon Skonberg stated at his deposition that he is unsure why the photo number sequence is not complete but that he has given all of the still photos he took of the opener to the parties. *See also*, Docket 59-1, tr. 39-40.

09-cv-114-JWS-JDR LORENA MARIE Order @41 Re Motion to Compel Production of Photos and Film or for Applicaton of Spoliation Rule_mtd.wpd

9

Defendant did not preserve and identify the missing video clips and potential missing still photographs taken by Devon Skonberg; that there is no valid reason that Defendant represented that the original DVD discovered to Plaintiff was taken by Darren Muller when in fact it was an edited version of the video taken by D.J. Kewan, Jr.; and, that because of the failures by the Defendant, there are now missing three video clips and potentially many still photographs of the incident.[17]

Plaintiff explains that he believes the missing videos and photographs are relevant and that it is "highly likely" that the missing evidence would show that the LORENA MARIE, "as the burdened vessel, failed to take 'early and substantial action to keep well clear' of the NORTHWESTERN, as the stand-on vessel, as required by Rule 16 of the COLREGS . . . warranting application of the Establishment Rule/Spoliation Doctrine."[18]

Defendant argues that Plaintiff could have subpoenaed the videos earlier. Defendant also states that Plaintiff is merely using his arguments on this issue to avoid certifying readiness for trial.[19]

Plaintiff cites Federal Rules of Civil Procedure 26 and 34 in support of his motion. Rule 26(a)(1) governs initial disclosures, requiring each party to provide

---

[17] *See* Docket 58, p. 6.

[18] Docket 65, p. 2.

[19] Docket 61.

09-cv-114-JWS-JDR LORENA MARIE Order @41 Re Motion to Compel Production of Photos and Film or for Applicaton of Spoliation Rule_mtd.wpd

10

"the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Plaintiff asserts that the Defendant should have disclosed information about the videos and images taken by Mr. Muller, D.J. Kewan, Jr. and Devon Skonberg as part of his initial disclosures, and to supplement the disclosures "in a timely matter."[20] Furthermore, despite the requirement for disclosures found in Rule 26, the Plaintiff specifically requested the information in Plaintiff's Interrogatory Number 2, for production of all DVDs and video tapes of the events.[21] These requests were timely under Federal Rule of Civil Procedure 34.

Defendant claims that the hard drive where Devon Skonberg stored the images he took has now been stolen or lost. And, he argues that Plaintiffs must make a showing that the producing party actually possesses a document in order to have a proper motion to compel.[22]

Because the Defendant failed to comply with the requests for production and the requirements of Rule 26, the Plaintiff asks for the application of the

---

[20] *See* Fed. R. Civ. P. 26(e).

[21] *See Plaintiff's Motion to Compel Production of Photos and Film or for Application of Spoliation of Evidence Rule*, Docket 41, p. 8, *citing* Docket 43 at ¶ 4.

[22] *See* Alaska R. Civ. P. 34; Fed. R. Civ. P. 34; *See also Ascom Hasler Mailing Sys., Inc., v. U.S. Postal Serv.*, 267 F.R.D. 1 (D.D.C. 2010).

Establishment Rule or Spoliation Doctrine. Plaintiff seeks for the Court to rule that the facts the Plaintiff alleges (that the Plaintiff had the right of way and the Defendants did not and that the Defendant was at fault for the collision) would be confirmed by the missing images as stated in Plaintiff's deposition testimony.[23]

Spoilation is the "destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."[24] The Federal Court has the ability to impose sanctions for spoliation arising from the court's "inherent power to control the judicial process and litigation, but the power is limited to that necessary to redress conduct 'which abuses the judicial process.'"[25] Prior to imposing sanctions, the court must first make a finding of fault.[26] Then, the court should fashion a remedy which serves "the prophylactic, punitive, and remedial rationales underlying the spoilation doctrine."[27]

### A. Control

The Defendant argues that he is not responsible for items not in his possession or control. Specifically, he argues that since the lost images were in the

---

[23] *See Id.*

[24] *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (citing *Black's Law Dictionary* 1401 (6th ed. 1990)).

[25] *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001).

[26] *Id.*

[27] *Id.* (quoting *West*, 167 F.3d at 779).

09-cv-114-JWS-JDR LORENA MARIE Order @41 Re Motion to Compel Production of Photos and Film or for Applicaton of Spoliation Rule_mtd.wpd

12

control of his grandson and Darren Muller, he should not be held liable for the confusion surrounding discovery or the ultimate loss of some of the images.[28]

Federal Rule of Civil Procedure 34 states that a party may serve a request for documents within the scope of Rule 26(b) for production of items "in the responding party's possession, custody, or control . . . ."[29] The first issue for analysis in the current case is whether the documents which were in the possession of Defendant's grandson, Devon Skonberg, were also under his control. Based on Darren Muller and Devon Skonberg's depositions, it is now clear that Mr. Muller's video was never in the Defendant's or Devon Skonberg's control or possession.

A party need not have "legal ownership or actual physical possession of the documents at issue. Rather, the documents are considered to be under the party's control when it has the right, authority, or practical ability to obtain them from a nonparty."[30] And, "[p]roduction of documents not in a party's possession is required if the party has the practical ability to obtain the documents from another,

---

[28] *Opposition to Motion to Compel Production of Photos and Film or for Application of Spoliation of Evidence Rule*, Docket 50, p. 4.

[29] Fed. R. Civ. P. 34(a)(1).

[30] Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE, Ch. 6, *Depositions And Discovery*, § 2210 *Possession, Custody or Control* (3d ed.) (citing *In Re NTL, Inc. Secs. Litigation*, 244 F.R.D. 179 (S.D.N.Y. 2007).

09-cv-114-JWS-JDR LORENA MARIE Order @41 Re Motion to Compel Production of Photos and Film or for Applicaton of Spoliation Rule_mtd.wpd

13

irrespective of the legal entitlement to the documents."[31] But, this rule should not be taken too far. Just because a party could obtain a document if it tried hard enough does not mean that the document is in its possession, custody or control within the meaning of the Federal Rules of Civil Procedure.[32]

Here, the Defendant's grandson had possession of images taken at the time of the collision. Devon has lived with the Defendant for most of his life, having been raised by his grandparents.[33] Devon kept the images of the collision on his hard drive which was located at the Defendant's house until it was lost.[34] In accordance with the principles laid out above, the Defendant did have control over the images which were in Devon Skonberg's possession.

The Defendant and his attorneys claim that the existence of many of the images were unknown until the depositions of some of the witnesses. The question then is whether Defendant should have known of their existence sooner.

//

---

[31] *Id.* (citing *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513 (D. Kan. 2007).

[32] *Id.* at n.15 (citing *Chaverait v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426 (7th Cir. 1993).

[33] *See* Docket 58, p. 2; and *see* Docket 59, tr. 5 (In response to Plaintiff's counsel, Devon Skonberg states he lived at his grandparent's house all of his life.).

[34] *See* Docket 58, p. 3.

09-cv-114-JWS-JDR LORENA MARIE Order @41 Re Motion to Compel Production of Photos and Film or for Applicaton of Spoliation Rule_mtd.wpd

14

<u>B. Defendant Knew or Should Have Known to Preserve Evidence</u>

With respect to a party's duty to preserve material evidence, even if the party does not "own or control the evidence, he still has an obligation to give the opposing party notice of access to the evidence or of the possible destruction of the evidence if the party anticipates litigation involving that evidence."[35] A party is "on notice once it has received a discovery request. Beyond that, the complaint itself may alert a party that certain information is relevant and likely to be sought in discovery."[36]

Furthermore, "the obligation to preserve evidence even arises prior to the filing of a complaint where a party is on notice that litigation is likely to be commenced."[37] Even before the commencement of an action, when there is "only

---

[35] *Silvestri* at 591 (citing *Andersen v. Schwartz*, 687 N.Y.S.2d 232, 234-35 (N.Y.Sup.Ct. 1999)); *see also Wm. T. Thompson Co. v. Gen. Nutrition Corp., Inc.*, 593 F.Supp. 1443, 1455 ("While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.").

[36] *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 72 (S.D.N.Y. 1991) (citing *Computer Assocs. Int'l, Inc. v. Am. Fundware, Inc.*, 133 F.R.D. 166, 169 (D.Colo.1990); *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 127 (S.D.Fla. 1987)).

[37] *Turner* at 73 (citing *Capellupo v. FMC Corp.*, 126 F.R.D. 545, 550-51, n.14 (D. Minn. 1989); *Alliance to End Repression v. Rochford*, 75 F.R.D. 438, 440 (N.D. Ill. 1976)).

a potential for litigation, the litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action."[38]  When a party cannot preserve relevant evidence, it "still has an obligation to give the opposing party notice of access to the evidence or the possible destruction of the evidence if litigation involving that evidence is anticipated."[39]

It was the Defendant, and not his grandson, who had the obligation to preserve the images in Devon's possession.[40]  Devon Skonberg, Darren Muller and D.J. Kewan, Jr., were all present at the flare opener.  They were watching the opener and taking images (still and video) of Defendant's boat.  The Defendant knew or should have known that the images taken by his friends and family on the date of the collision were relevant to pending or potential litigation.  He had an obligation to preserve this evidence.  And, he had an obligation to turn over the evidence to the Plaintiff in this action.

---

[38]*Fire Ins. Exch. v. Zenith Radio Corp.*, 747 P.2d 911, 914 (citing *Wm. T. Thompson Co.* at 1455; *United States v. ABC Sales & Servs., Inc.,* 95 F.R.D. 316, 318 (1982); *United Nuclear Corp. v. Gen. Atomic Co.*, 62 P.2d 231, 309 (N.M. 1980)).

[39]Judge William W. Schwarzer, Judge A. Wallace Tashima, James M. Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:123, p. 11-17 (The Rutter Group, 2001 ed.) (citing *Silvestri* at 591).

[40]*Turner* at 73-74 (citing *Struthers Patent Corp. v. Nestle Co.*, 558 F.Supp. 747, 765 (D.N.J. 1981).

The images which were lost were not missing at the commencement of this action, nor were they missing when they were requested by the Plaintiff. Defendant's failure to properly or throughly investigate the existence of the videos and pictures does not excuse them from the obligation that he knew or should have known of their existence. In fact, Devon Skonberg's deposition states that Defendant was made aware of the recordings the same day they were made, and viewed some of them at that time.[41]

The Defendant had control over the images which were recorded and stored by their grandson, Devon Skonberg. He knew or should have known of the existence of all of the videos and pictures and should have taken steps to preserve them for discovery in the pending lawsuit.

The next relevant inquiry is whether there is evidence of bad faith relating to the loss or destruction of the images in order to aid in the decision of what remedy is appropriate.

## C. Bad Faith

In accordance with the spoliation doctrine, "the bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible

---

[41]Docket 59-1, tr. 16-17.

09-cv-114-JWS-JDR LORENA MARIE Order @41 Re Motion to Compel Production of Photos and Film or for Applicaton of Spoliation Rule_mtd.wpd

17

for its destruction."[42]   And, when a party has destroyed evidence, the court may

respond with sanctions.[43]

Spoliation is the "destruction or material alteration of evidence or the

failure to preserve property for another's use as evidence in pending or reasonably

foreseeable litigation."[44]   There are a range of remedies that a court may employ for

spoliation, depending on the facts.

> Because failures to produce relevant evidence fall 'along
> a continuum of fault-ranging from innocence through the
> degrees of negligence to intentionality,' the severity of a
> sanction may, depending on the circumstances of the
> case, correspond to the party's fault.  Thus, a district court
> could impose many different kinds of sanctions for
> spoliated evidence, including dismissing a case, granting
> summary judgment, or instructing a jury that it may infer a
> fact based on lost or destroyed evidence.[45]

The court's use of remedies is limited to that which is "necessary to redress conduct

'which abuses the judicial process.'"[46]

---

[42]*Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997).

[43]*See Turner* at 72 (citing *Marketing Specialists, Inc. v. Bruni*, 129 F.R.D. 35, 53 (W.D.N.Y. 1989); *and see In re Air Crash Disaster near Chi., Ill. on May 25, 1979*, 90 F.R.D. 613, 620-21 (N.D.Ill. 1981).

[44]*Silvestri* at 590 (citing *West* at 779 (citing *Black's Law Dictionary*, 1401 (6th ed. 1990))).

[45]*Adkins v. Wolever*, 554 F.3d 650, 652-53 (6th Cir. 2009) (quoting *Welsh v. United States*, 844 F.2d 1239, 1246 (6th Cir. 1988) (citing *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995))).

[46]*Silvestri* at 590 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (recognizing the inherent power of courts to fashion appropriate sanctions

In this matter, there is evidence that Defendant knew of at least some of the images on the date of the collision.[47]  There is also evidence that there was great delay in gathering that evidence and getting it to the Plaintiff.

Plaintiff encourages the Court to make a finding that the Defendant has not proven that their failure to produce the missing evidence was now willful.  After reviewing the depositions filed with the Court and all of the accompanying briefs on the issue, the Court has not found evidence that the Defendant willfully misplaced or prevented access to the evidence.  There is no evidence offered that the Defendant sought to destroy or conceal the video or that he was a part of a collusion, directly or indirectly.  There is also no evidence that the Defendant knew or was informed that there were images which were not produced in discovery that would show that he was at fault for the collision, and thus giving the Defendant reason to conceal those images.  The Court declines to make a finding that the Defendant's actions were malicious.

//

//

_____

for conduct that disrupts the judicial process); *see also United States v. Shaffer Equip. Co.*, 11F.3d 450, 462 (4th Cir. 1993) (recognizing "that when a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action").

[47]*See* Docket 59-1, tr. 16-17.

09-cv-114-JWS-JDR LORENA MARIE Order @41 Re Motion to Compel Production of Photos and Film or for Applicaton of Spoliation Rule_mtd.wpd

19

## D.  Remedy

The court has broad discretion in determining the best remedy for a the application of the Establishment Rule.[48]  However, prior to imposing sanctions or redressing conduct, it must be shown whether the missing evidence is critical to the case of the moving party.[49]  Here, the Plaintiff asserts it is likely that the missing images would determine who was at fault for the collision.

During the depositions after the issuance of the Order at Docket 57, Plaintiff inquired further about the contents of the images which have been lost and when the other images were known by the Defendant.  It is clear to the Court that the images are relevant and might have helped the Plaintiff's case.  Plaintiff has taken the depositions of Darren Muller, D.J. Kewan, Jr., Devon Skonberg and Paraig McDermott.  Each of those persons testified that images were recorded but none testifies with specificity as to what could reasonable be anticipated to be shown in the missing recorded images.

The court may employ adverse inferences as sanctions for spoliation. There are two rationales for the use of an adverse inference:

---

[48]*See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) (citing *Unigard v. Lakewood*, 982 F.2d at 368 (9th Cir. 1992).

[49]*See Nichols v. State Farm Fare and Cas. Co.*, 6 P.3d 300, 304 (Alaska 2000); *see Babich v. River Oaks Toyota,* 879 N.E.2d 420 (Ill. App. 1st Dist., 2007).

> The first is remedial: where evidence is destroyed, the court should restore the prejudiced party to the same position with respect to its ability to prove its case that it would have held if there had been no spoliation.
>
> The second rationale is punitive. 'Allowing the trier of fact to draw the inference presumably deters parties from destroying relevant evidence before it can be introduced at trial.' Of course, it also serves as retribution against the immediate wrongdoer.[50]

The court weighs two factors when considering an inference: intent and content. The intent of the party who destroys evidence is relevant.[51]  As is the content of the evidence lost.   There must be a showing that the document that was lost or destroyed was relevant and "some extrinsic evidence of the content of the evidence is necessary for the trier of fact to be able to determine in what respect and to what extent it would have been detrimental" to the party who lost or destroyed the evidence.[52]

Here, the Plaintiff asks the court to infer that the lost images would have shown that the Defendants were at fault for the collision, that the LORENA MARIE failed to give way to the NORTHWESTERN.  Despite combing through the images which were discovered and taking the depositions of all known witnesses, the

---

[50] *Turner* at 74 (quoting *Nation-Wide Check Corp. v. Forest Hill Distrib., Inc.*, 692 F.2d 214, 218 (1st Cir. 1982)).

[51] *Turner* at 74.

[52] *Id.* at 77.

09-cv-114-JWS-JDR LORENA MARIE Order @41 Re Motion to Compel Production of Photos and Film or for Applicaton of Spoliation Rule_mtd.wpd

21

Plaintiffs have not established that the lost images are likely to prove that fact. And, there is no evidence to suggest that the Defendants intentionally destroyed the lost evidence. In the immediate case, there is insufficient evidence for the fact finder to determine what is/was depicted in the video images of the collision not produced in discovery. As such, the remedy of an inference is not appropriate in this case.

This case is further complicated by the fact that the Defendant did not possess the lost images himself. While the court finds that the images in the possession of Devon Skonberg were under his control, he did not record the images themselves. And, it appears that the video taken by Darren Muller, though the Defendant should have learned of its existence, was never in his physical control or in the possession of the Defendant or Devon Skonberg.

When a party's loss of evidence is not intentional and there is no indication of bad faith, an unfavorable inference is not appropriate.[53] There is no evidence that Devon or the Defendants intentionally lost the videos or photographs. And, there is limited information provided by the Plaintiff to show that the lost images would have captured anything different from the evidence which was discovered. As such, an inference unfavorable to the Defendant is not an appropriate remedy in this matter. Nonetheless, lesser sanctions may be applicable.

_____

[53]*See Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 824 (2002); *see also Blinzler v. Marriott Int'l, Inc.*, 81 F.3d 1148 (1st Cir. 1996); and *see Pau v. Yosemite Park and Curry Co.*, 928 F.2d 880 (9th Cir. 1991).

To that end, it is known that Defendant knew of the three videos taken by D.J. Kewan, Jr. on the date of the opener. Sometime thereafter, he had his daughter burn those videos onto one DVD with copies made for the Defendant, his son and his grandson. Devon Skonberg believed that the copies were made at least a year prior to his second deposition, or a year prior to June 7, 2011. Nonetheless, Defendant did not make the DVDs available to the Plaintiff until after the June 2011 depositions.

The Defendant knew or should have known of the existence of the images taken by D.J. Kewan, Jr., Devon Skonberg and Darren Muller. And, he should have known of the existence of these images immediately following the collision as his grandson, Devon Skonberg, was living with them at the time and had possession of most of the images and direct knowledge of who took the images on the day of the collision.

The Court makes a finding that the Defendant should have found the evidence earlier in the case and they should have provided the evidence during the normal time for discovery and pursuant to the normal discovery practices. This is especially true as to the images in Devon Skonberg's possession as he resided with the Defendant and the items in his possession were in his household for nearly the entire time since the collision. For these reasons, the delay in discovering the existence of the missing videos and photographs is not excusable.

09-cv-114-JWS-JDR LORENA MARIE Order @41 Re Motion to Compel Production of Photos and Film or for Applicaton of Spoliation Rule_mtd.wpd

23

Within the continuum of sanctions, the court may impose sanctions on a party if the party failed to preserve "what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request."[54]  The Defendant knew or should have known that videos and photographs taken by family and friends, including, and especially, the images stored in their home by his grandson, were reasonably likely to be requested, and, in fact, were requested during discovery by the Plaintiff.  The loss of some of these items is sanctionable.

Had the Defendant properly investigated the existence of the now missing images, and the items which were discovered, but discovered to the Plaintiff late in the case, the Plaintiff would not have needed to file the instant motion and would not have needed to re-depose Devon Skonberg or Darren Muller.

Defendant argues that the parties both knew of the existence of the additional images at the same time.[55]  But, it is the Defendant, and not the Plaintiff, that should have known of the images possessed by his grandson and family friends.

_____

[54]*Wm. T. Thompson Co.* at 1455 (citing *Bowmar Instrument Corp.v. Texas Instruments, Inc.*, 25 Fed.R.Serv.2d 423 (N.D.Ind. 1977); *In re Agent Orange Product Liab. Litig.*, 506 F.Supp. 750 (E.D.N.Y. 1980)).

[55]*See* Docket 61, p. 4.

Therefore, the Court orders that the Defendant shall pay reasonable costs and attorneys fees associated with Plaintiff's Motion at Docket 41 and the Depositions of Devon Skonberg and Darren Muller taken on June 7 and June 9, 2011.[56] The court has the power to shift costs in cases where a party fails to preserve evidence and the other party incurs expense to obtain equivalent evidence.[57] Plaintiff shall submit a calculation of reasonable costs and expenses associated with the motion practice and depositions referenced above forthwith.[58]

## III.   Conclusion

The Court finds that, based on evidence presented by the parties, the missing images are relevant to the issue of fault. The Court finds no evidence that Defendant hid or destroyed the relevant missing images. Had Defendant properly investigated the existence of the three missing video images (and potentially missing still images) taken by family and friends, in accordance with the discovery requests made by the Plaintiff early in the case, the evidence might have been discovered. As such, the Court HEREBY ORDERS that the Defendant pay relevant costs for the

---

[56]The depositions of D.J. Kewan, Jr. and Paraig McDermott were not ordered by the Court at Docket 57 and should not be included in the calculation of costs and fees.

[57]Judge William W. Schwarzer, Judge A Wallace Tashima, James M. Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:158 (The Rutter Group, 2011 ed.) (citing *Treppel v. Biovail Corp.*, 249 F.R.D. 111, 124 (S.D.N.Y. 2008)).

[58]The court will evaluate the submitted costs for reasonableness and will enter an order regarding the final amount at a later date.

filing of Plaintiff's Motion at Docket 41 and for the costs of the Depositions of Devon

Skonberg and Darren Muller taken on June 7 and June 9, 2011.

IT IS SO ORDERED.

DATED this __2nd__ day of November, 2011, at Anchorage, Alaska.


 /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

09-cv-114-JWS-JDR LORENA MARIE Order @41 Re Motion to Compel Production of Photos and Film or for Applicaton of Spoliation
Rule_mtd.wpd

26