**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

RAYMOND MAY,

               Plaintiff,

      vs.

F/V LORENA MARIE, Official No.
939683, her Tackle, Apparel, Boats,
Appurtenances, *In Rem*; JAMES
SKONBERG and JANE DOE
SKONBERG, husband and wife, *In
Personam,*

             Defendants.

Case No. 3:09-cv-00114-SLG-JDR

**ORDER  REGARDING  MOTION**
**TO  RECONSIDER  COSTS  AND**
**FEES  FOR  DISCOVERY**
**VIOLATIONS**

Docket 74

      In the Court's *Order Regarding Motion to Compel Production of Photos*

*and Film or for Application of Spoliation of Evidence Rule* at Docket 67, the Plaintiff

was awarded costs and fees associated with the depositions of Devon Skonberg

and Darren Muller on June 7 and June 9, 2011 and the relevant costs for the filing

of Plaintiff's *Motion to Compel Production of Photos and Film or for Application of Spoliation of Evidence Rule* at Docket 41.

At Docket 70, James Brennan filed his Declaration regarding his relevant costs and fees, totaling $2,887.28.  At Docket 71, Steven Gibbons filed the same, with relevant costs and fees totaling $21,708.73.[1]

Following the issuance of the Court's Order at Docket 73, Defendant filed a *Motion for Reconsideration of the Court's November 17, 2011 Order Regarding Costs and Fees for Discovery Violations* at Docket 74.  The Court granted that Motion at Docket 75 and instructed the parties to file calculations in the Court's Order at Docket 76.  Instead of filing calculations, Plaintiff filed *Plaintiff's Response to Motion for Reconsideration as to Award of Fees and Costs* at Docket 77.  Defendant filed a proposed calculation of costs and fees at Docket 78.

I.    Procedural History

Here, the Defendant failed to preserve evidence he reasonably should have known was relevant to the case.[2]  Following a determination that the Defendant failed to comply with discovery rules, the Court issued an order finding that the

---

[1]Mr. Gibbons calculation for his total fees appears to be off by $10.00.  The Court's calculation is that the fees should total $19,019.50.  Additionally, Mr. Gibbons did not actually provide the Court with a final calculation of relevant costs and fees.  But, based on the information in his filing, the Court believes the relevant costs and fees total $21,708.73.

[2]*See* Docket 67.

Defendant should pay reasonable costs and fees associated with *Plaintiff's Motion to Compel Production of Photos and Film or for Application of Spoliation of Evidence Rule* at Docket 41.  The Court granted Plaintiff leave to re-depose Devon Skonberg and Darren Muller in order to determine whether the missing evidence was retrievable and whether the evidence was likely to have captured the collision of the boats, directly effecting the issue of fault.[3]  The Court ordered the Plaintiff to file summaries of reasonable costs and fees associated with the filing of the Motion at Docket 41 and the depositions.[4]

The attorneys for the Plaintiff, Steven V. Gibbons and James T. Brennan filed their Declarations at Dockets 70 and 71.  The Court waited seven (7) days and then issued its order calculating costs and fees in the amount of $24,596.46 in accordance with the Court's Order at Docket 67.  Defendant then filed a Motion to Reconsider.[5]  After reviewing the filings of both parties regarding reconsideration, the Court makes the following findings regarding reasonable costs and fees related to the filing of Plaintiff's Motion at Docket 41 and the depositions of Devon Skonberg and Darren Muller in June of 2011.

---

[3] *Order Regarding Motion to Compel Production of Photos and Film or for Application of Spoliation of Evidence Rule [41]; Motion to Quash Depositions of Darren Muller and Devin [sic] Skonberg and for Sanctions [44]; and Plaintiff's Motion to Re-Open Discovery on a Limited Basis [48]*, Docket 57.

[4] Docket 67.

[5] Docket 74.

## II.    Legal Arguments

The Defendant urges the court to employ the "lodestar" method for calculating reasonable costs and fees.  In *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, the Supreme Court applied the "lodestar" method to calculate appropriate attorney's fees.[6]  The lodestar method requires a court to determine "[t]he number of hours reasonably necessary to perform the legal services for which compensation is sought" and then multiple that by a reasonable hourly rate for the attorney who is providing the service.[7]  In *Pennsylvania*, the Supreme Court cited their decision in *Blum v. Stenson* wherein the court found that when an attorney applying for compensation for fees "has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product *is presumed* to be the reasonable fee."[8]

Defendant urges the court to consider a downward departure from the lodestar calculation arguing that the Plaintiff did not fully succeed in gathering the penalties he sought in his Motion to Compel.[9]  Defendant cites *INS v. Jean*[10] and

---

[6]478 U.S. 546 (1986).

[7]*Id.* at 553.

[8]*Id.* at 564 (quoting *Blum*, 465 U.S. 886, 897 (1984) (emphasis added)).

[9]Docket 74, p. 6.

[10]496 U.S. 154 (1990).

*Murakami v. University of Alaska*[11] in support of this request.  In *INS*, the court stated that the district court should consider the relative success of the party applying for costs and fees in the court's determination of the amount.[12]  In *Murakami*, Judge Beistline of the Alaska District Court considered "the relative success of the parties" in his determination of costs and fees.[13]

Plaintiff sought alternative remedies in his Motion at Docket 41.  Plaintiff requested the Court apply the Establishment Rule, or Spoliation Doctrine, and make a finding that due to Defendant's failure to preserve evidence, the facts Plaintiff alleges would have been evidenced in the lost videos and images is presumed to be true.  Plaintiff also asked for costs and fees associated with the filing of the motion.

Spoilation is the "destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."[14]  The court's ability to impose sanctions comes from its

---

[11]No. F030041CVRRB, 2005 WL 1355113 (D. Alaska June 1, 2005).

[12]496 U.S. at 163 n. 10 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

[13]2005 WL 1355113, *1.

[14]*West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d. Cir. 1999) (citing *Black's Law Dictionary*, 1401 (6th ed. 1990)).

"inherent power to control the judicial process and litigation . . . ."[15]  The Court has already determined that the Defendant should be subject to sanctions for his actions.

The courts may employ a broad range of sanctions for discovery and spoliation violations.  In this matter, the Plaintiffs sought the actual missing evidence or, in the alternative, adverse inferences as their preferred remedy.[16]  Instead, after it became apparent that the Defendant could not now locate the missing evidence, the Court chose to employ the lesser remedy of sanctions.  In response to the Motion at Docket 41, the Court did re-open discovery and allow the Defendant one more opportunity to locate the evidence it should have previously discovered and for Plaintiff to re-depose the persons who took the images.[17]

Examining Defendant's argument regarding Plaintiff's "failure" to prevail on his Motion at Docket 41, it is first notable that Plaintiff "failed" to locate the missing evidence only because Defendant failed to preserve it.  Secondly, Plaintiff succeeded in reopening discovery in order to conduct further depositions and give the parties another opportunity to locate the missing images.  Finally, the Court did not find that the Defendant acted maliciously in his failure to preserve the missing evidence and so chose to employ the lesser sanction of costs and fees, as opposed

---

[15] *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001).

[16] Docket 41, p. 11.

[17] Docket 57.

to the Plaintiff's preferred remedy of an adverse inference.[18]  Therefore, Plaintiff only "failed" on one ground, that of a finding that Defendant's actions merited a lesser sanction than the one which was most desired.

Defendant also employs the Court to decease the final award of costs and fees on the basis of "billing judgment" and redundant work by two attorneys. The Court addresses these arguments below.

### III.    Analysis of Submitted Costs and Fees

The Court will re-examine Plaintiff's submitted costs and fees in light of the lodestar analysis and the decisions in *INS* and *Murakami* and the analysis contained above.  Each itemized entry is detailed below and is determined to the best of the Court's ability based on the applicable law and the pleadings filed by the parties.[19]

### A.    Costs and Fees Submitted by James T. Brennan

Mr. Brennan practices in Anchorage, Alaska, and is local counsel for Plaintiff in this matter.  He has extensive practice experience in admiralty law and charges a fee of $250/hour pursuant to an agreement with Mr. Gibbons and the Plaintiff.  The Defendants argue that they should not be required to pay for the work of two attorneys and that Mr. Brennan's tasks should be deemed secretarial and

---

[18]Docket 67.

[19]The Court has rounded up to the nearest decimal point in its calculations.

billed at a rate of $175/hour.  Plaintiff argues that the figures calculated by the Court in the first Order at Docket 67 should remain undisturbed.

The first prong of the lodestar analysis requires the court to examine the fees submitted for approval.  The Court finds that Mr. Brennan's rate of $250/hour is reasonable.  The Court spends more time on this topic with respect to Mr. Gibbons in section III (B) below.  The same logic and analysis applies to Mr. Brennan's fee. The Court also finds that $175/hour is an appropriate rate for purely administrative tasks.   The Defendant suggested this fee amount and Plaintiff did not file a competing suggestion.

The second prong requires the court multiple the fees by a reasonable hourly wage.  Mr. Brennan is serving as local counsel pursuant to the Court's approval of Mr. Gibbons' Pro Hac Vice application.[20]  It is the Plaintiff's prerogative to hire two attorneys to pursue his legal matters.  Regarding the rate charged by Mr. Brennan, the Court weighs the nature of his work in each of the following itemized analyses.  As to the Defendant's objection to the billings by two attorneys, the Court will consider that issue when making the final fee determination at the conclusion of this order.

1.   Fees

---

[20]*Motion and Application of Non-Resident Attorney for Permission to Appear and Participate in the United States District Court for the District of Alaska*, Docket 6.

Mr. Brennan included entries for fees for the following dates in his filing at Docket 70.

- **3/25/2011:** Conversation with Gibbons; Review files re Darren Muller; Notice of Deposition; Subpoena; Service Instructions.  Time = 0.58; Amount = $145.00.  The Court can find no record of the conversation noted in Mr. Gibbons declaration.  This portion of the entry is omitted and will not be compensated.[21]  As the entry does not specify the breakdown of the time between the five (5) activities noted, the Court determines that each activity listed took 1/5 of the total time listed.  As such, the time is reduced by 1/5.  Of the remaining tasks, half of the time is deemed administrative and billed at a rate of $175/hour.  The remaining time is billed at the attorney rate of $250/hour.  **Revised: Time = 0.46 hours; Amount = $97.75.**

- **3/28/2011:** Research re witness fee.  Time = 0.20; Amount = $50.00.  Presumably, this witness fee research pertains to the fee charged in the costs section of Mr. Brennan's declaration regarding Devon Skonberg.  The time billed regarding Defendant Skonberg is not appropriate as the Court granted Defendant's Motion to Quash this deposition (Docket 44).  **Revised: Time = 0.00; Amount = $0.00.**

- **3/28/2011:** Conversation with Gibbons; Notice deposition of Devon Skonbert; Subpoena duces tecum; Letter to Skonberg; Arrange Service.  Time = 0.50; Amount = $125.00.  The time billed regarding Defendant Skonberg is not appropriate as the Court granted Defendant's Motion to Quash Skonberg's Deposition (Docket 44).  The conversation with Mr. Gibbons is appropriately billed at the attorney rate of $250/hour.  The Court divides the billed time into five parts, allowing for 1/5 of the billed time for the conversation with Mr. Gibbons.  **Revised: Time = 0.10; Amount = $25.00**.

- **3/29/2011:** Review motion to compel, declarations, order; Correct typos; Add exhibits.  Time = 0.50; Amount = $125.00.  The Court believes that this is an appropriate billing and use of attorney time and declines to modify the compensation sought.  **Revised: Time = 0.50; Amount = $125.00**.

---

[21]*See Green v. Baca*, 225 F.R.D. 612, 615 (C.D.Cal. 2005).

- **3/29/2011:** Finalize, file pleadings.  Time = 0.25; Amount = $62.50.  This entry is properly billed as attorney time devoted to the preparation of filing related to Docket 41.  **Revised: Time = 0.25; Amount = $62.50**.

- **3/29/2011:** Conversation with VPSO office; Conversation with Kodiak Troopers; letters to Troopers re service of subpoena.  Time = 0.42; Amount = $105.00.  These tasks are administrative and are more appropriately billed at the rate of $175/hour.  **Revised: Time = 0.42; Amount = $73.50.**

- **3/29/2011:** Finalize subpoenas; Notices of depos; Arrange service.  Time = 0.16; Amount = $40.00.   These tasks are administrative and are more appropriately billed at the rate of $175/hour.  **Revised: Time = 0.16; Amount = $28.00.**

- **3/30/2011:** Conversation with Kodiak Troopers; Message, email to private process server.   Time = 0.16; Amount = $40.00.   These tasks are administrative and are more appropriately billed at the rate of $175/hour.  **Revised: Time = 0.16; Amount = $28.00.**

- **4/1/2011:** Conversation with Troopers re serving subpoena.  Time = 0.16; Amount = $40.00.  These tasks are administrative and are more appropriately billed at the rate of $175/hour.  **Revised: Time = 0.16; Amount = $28.00.**

- **4/5/2011:** Conversation with Gobbons re defendant's motion to quash, strategy.  Time = 0.25; Amount = $105.00.  The Court can find no record of the conversation noted in Mr. Gibbons declaration.  In accordance with case law, this entry will not be compensated.[22]  **Revised: Time = 0.0; Amount = $0.00.**

- **4/5/2011:** Conversation with Gibbons re good faith certificate.  Time = 0.16; Amount = $40.00.  Presumably, this conversation is regarding the filing at Docket 54.  It is related to Docket 41 and is allowable at the attorney rate as requested.  **Revised: Time = 0.16; Amount = $40.00.**

- **4/5/2011:** Conversation with Gibbons.  Time = 0.42; Amount = $105.00.  The Court can find no record of the conversation noted in Mr. Gibbons declaration.

---

[22]*See Green*, 225 F.R.D. at 615.

In accordance with case law, this entry will not be compensated.[23]  **Revised: Time = 0.0; Amount = $0.00.**

- **4/5/2011:** Conversation with Gibbons; Review defendant's motion to quash. Time = 0.25; Amount = $62.50.  The Court can find no record of the conversation noted in Mr. Gibbons declaration.  In accordance with case law, this portion of the entry will not be compensated.[24]  The billing for reviewing defendant's motion is proper and will be calculated at the attorney rate.  The court will therefore compensate for half of the time requested in this entry. **Revised: Time = 0.13; Amount = $32.50.**

- **4/7/2011:** Review court order; Conversation with Gibbons re motion to quash. Time = 0.33; Amount = $82.50.  Reviewing the court order is properly billed at the attorney rate.  The Court can find no record of the conversation in Mr. Gibbons declaration.  In accordance with case law, this portion of the entry will not be compensated.[25]  The Court will therefore compensate for half of the time requested in this entry.  **Revised: Time = 0.17; Amount = $42.50.**

- **4/12/2011:** Review defendant's opposition to motion to compel.  Time = 0.33; Amount = $82.50.   This entry is properly billed.  **Revised: Time = 0.33; Amount = $82.50.**

- **5/27/2011:** Conversation with Gibbons; Arrange subpoena for depositions of Kewan, Muller, Devon Skonberg.  Time = 0.42; Amount = $105.00.  The conversation with Gibbons is properly billed at the attorney rate.  The Court will calculate this portion of the entry as 0.21 hours at a rate of $250/hour.  Arranging for subpoenas is an administrative task and is more appropriately billed at $175/hour.  This constitues 1/2 of the total time billed.  The deposition of Donald Kewan, Jr. was not addressed in the Court's Order at Docket 67.  Therefore, the Court reduces the time billed by 0.07 hours. **Revised: Time = 0.35; Amount = $77.00.**

---

[23] *Id.*

[24] *Id.*

[25] *Id.*

- **5/27/2011:** Review, sign subpoenas.  Time = 0.16; Amount = $40.00.  This entry is properly billed at the attorney rate.  **Revised: Time = 0.16; Amount = $40.00.**

- **6/2/2011:** Conference with RAS re status of service of subpoenas, notices of depos, court reporter arrangements; Send proof of service to Gibbons.  Time = 0.25; Amount = $62.50.   After reviewing the declarations of both Mr. Gibbons and Mr. Brennan, the Court cannot determine who/what RAS is.  As such, this portion (one half) of the entry will not be compensated.  The remaining portion of the entry is properly billed at the administrative rate of $175/hour.  **Revised: Time = 0.13; Amount = $22.75.**

- **6/8/2011:** Conversation with Apostola; Conversation with Muller; Email; Phone message to Gibbons.  Time = 0.50; Amount = $125.00.  This entry is properly billed at the attorney rate.  **Revised: Time = 0.50; Amount = $125.00.**

- **6/14/2011:** Email to Apostola.  Time = 0.16; Amount = $40.00.  This entry is properly billed at the attorney rate.  **Revised: Time = 0.16; Amount = $40.00.**

- **6/22/2011:** Letter, email to Gibbons; Review DVDs; Email to Gibbons.  Time = 0.50; Amount = $125.00.  This entry is properly billed at the attorney rate.  Defendant argues that the Plaintiff would have watched the DVDs in the process of litigating the case, regardless of the discovery issues, and thus should not be entitled to fees pursuant to the Court's order at Docket 67.  However, the DVDs were discovered late in the case due to Defendant's failure to locate the images earlier in the matter.   As such, the fee is appropriately charged to Defendant pursuant to the Court's sanctions.  **Revised: Time = 0.50; Amount = $125.00.**

- **7/27/2011:** Review correspondence, pleadings; Email to Gibbons.  Time = 0.16; Amount = $40.00.  This entry is properly billed at the attorney rate.  **Revised: Time = 0.16; Amount = $40.00.**

- **7/29/2011:** Review defendant's supplemental reply re spoliation/establishment issue; Email to Gibbons.  Time = 0.42; Amount = $105.00.  This entry is properly billed at the attorney rate.  **Revised: Time = 0.42; Amount = $105.00.**

- **11/4/2011:** Analyze costs & fees per court order; Declaration.  Time = 0.50; Amount = $125.00.  Pursuant to case law, counsel may not include the

preparation of his declaration regarding costs and fees for inclusion in the Court's award for sanctions.[26]  **Revised: Time = 0.0; Amount = $0.00.**

Mr. Brennan requested a total of $1,935.00 in fees.  Based on the analysis above, the Court will award **$1,240.00**.

### 2.   Costs

Mr. Brennan included entries for costs for the following items in his filing at Docket 70.

- **3/29/2011:** Witness fee: Devon Skonberg.  Amount = $40.00.  As noted above for the entry on 3/28/2011, the Court granted Defendant's Motion to Quash this deposition.   As such, the Plaintiff is not entitled to this witness fee. **Revised Amount = $0.00.**

- **3/29/2011:** Alaska State Troopers: Service on Devon Skonberg.  Amount = $65.00.   For the reasons stated above regarding the witness fee for Mr. Skonberg, this cost is also not appropriate.  **Revised Amount = $0.00.**

- **3/29/2011:** Witness fee: Darren Muller.  Amount = $40.00.  As noted above, the Court granted Defendant's Motion to Quash this deposition at Docket 44. As such, the Plaintiff is not entitled to this witness fee.  **Revised Amount = $0.00.**

- **3/30/2011:** Long distance phone charges.  Amount = $15.24.  This costs is appropriate and is sufficiently related to the Motion at Docket 41.  **Revised Amount = $15.24.**

- **6/24/2011:** Court reporter's plane ticket to Kodiak for depositions.  Amount = $219.75.  Plaintiff took three depositions in Kodiak.  Only one was approved

---

[26]*Addington v. Mid-American Lines*, 77 F.R.D. 750, 751 (W.D. Mo. Feb. 6, 1978).

by the Court at Docket 67.[27]  As such, the Plaintiff is only entitled to one third (1/3) of the costs for the ticket.  **Revised Amount = $146.50.**

• **6/24/2011:** Process server fee for Devon Skonberg.  Amount = $245.00.  This costs is directly related to the Court's Order at Docket 67 and Plaintiff's Motion at Docket 41 and is appropriate.  **Revised Amount = $245.00.**

• **6/24/2011:** Process server's plane ticket to Ouzinkie.  Amount = $99.00.  Devon Skonberg resides in Ouzinke.[28]  This costs is directly related to the Court's Order at Docket 67 and Plaintiff's Motion at Docket 41 and is appropriate.  **Revised Amount = $99.00.**

• **6/30/2011:** Long distance phone charges.  Amount = $8.54. This costs is appropriate and is sufficiently related to the Motion at Docket 41.  **Revised Amount = $8.54.**

Mr. Brennan requested a total of $952.28 in costs.  Based on the analysis above, the Court will award **$514.28.**

### B.   Costs and Fees Submitted by Steven V. Gibbons

Mr. Gibbons practices in Seattle, Washington, and is chief counsel for Plaintiff in this matter.  He has extensive practice experience in admiralty law and routinely charges a fee of $335/hour.  Pursuant to an agreement with his client in this matter, he is charging $285/hour.[29]

---

[27] *See Notice of Filing Regarding Plaintiff's Motion for Application of Establishment Rule and For Sanctions*, Docket 59, Exhibits 1-4.  The Depositions of Devon Skonberg, Donald Kewan, Jr. and Paraig McDermott were conducted in Kodiak, Alaska on June 7, 2011.  Mr. Muller's Deposition was conducted in Seattle, Washington on June 9, 2011.

[28] *See* Docket 59, Exhibit 1, tr. 4.

[29] *Gibbons Declaration of Attorneys Fees and Costs*, Docket 71.

Defendant argues that Mr. Gibbons rate is too high.  He states that the Court should only allow a rate which is "more in line with the Anchorage community."[30] Defendant points to case law that states that fees should be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience and reputation."[31]    Additionally, Defendant argues that the case is not complex and, therefore, there is no justification for a higher rate for Mr. Gibbons, though Defendant fails to cite authority to support this proposition.[32]

Defendant references Mr. Brennan's rate of $250/hour in this case as a reasonable rate for Anchorage.  The court is to apply attorney's fees of the local area, even if the attorney requesting compensation is from a different location.[33]  The Defendant cites no other evidence, besides the statements of his attorney and Mr. Brennan's rate, to support his claim that the fee of $285 is unreasonable for Anchorage.

In *N.S. v. Anchorage School District*, the Alaska District Court held that "the burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in

---

[30]Docket 74, p. 9.

[31]*Blum,* 465 U.S. at 895.

[32]Docket 74, p. 9.

[33]*Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983).

the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[34]   Judge Burgess awarded the Plaintiff attorneys fees and determined that the Plaintiff's counsel presented adequate evidence to establish her rate ($225.00/hour in 2006) was reasonable.[35]   The evidence Plaintiff provided to support her argument that her rate was reasonable for the market was  that she had previously been granted fees at that rate and that " since Defendants have provided no evidence to rebut the accuracy and reasonableness of Counsel Kerr's hourly rate as well as time spent, and thus, they have waived their right to object to same."[36]

This is adequately similar to the circumstances in the case at bar.  And, the case has a long history of motion practice and a tedious set of facts.  It is not as straight forward as Defendant suggests.  As such, the court declines to modify the rates requested by Mr. Gibbons and finds that $285/hour is reasonable based on his experience.

The first prong of the lodestar analysis requires the court to examine the fees submitted for approval.  The second prong requires the court multiple the fees by a

---

[34]No. A05-0177 CV (TMB), 2006 WL 2381875, *1 (D.Alaska Aug. 17, 2006) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984)).

[35]*Id.* at *2.

[36]*Id.* (citing *Blum*, 465 U.S. 886).

reasonable hourly wage.   The Court employs this analysis regarding the fees submitted as noted below.

1.   Fees

Mr. Gibbons included entries for fees for the following dates in his filing at Docket 71-1.

- **3/30/2011:** Email correspondence with co-counsel regarding S.D.T. and regarding motion as filed; Review same regarding changes.  Time = 0.60; Amount = $171.00.  It is unclear who/what S.D.T. is.  As such, the Court declines to award fees for this correspondence and reduces the time eligible for reimbursement by 1/4.   The remaining tasks are properly billed at the attorney rate of $285/hour.  **Revised: Time = 0.45; Amount = $128.25.**

- **3/21/2011:** Receipt of Order Regarding Certificate of Readiness for Trial; Begin outline revised Motion to Compel Discovery.  Time = 0.90; Amount = $256.50.  The Order Regarding Certificate of Readiness is not relevant to the Court's Order at 67 or the Motion to Compel at Docket 41.  The Court will not compensate Plaintiff for this portion of the fee request and reduces the request by 1/2.  While the Defendant encourages the Court to reduce the time the Plaintiff is compensated for work on the Motion to Compel,[37] the Court declines to do so.  The amount billed is not excessive in the Court's view and the Motion was necessitated by Defendant's failure to comply with Discovery Rules. The remainder of the entry is appropriately billed at the attorney rate.  **Revised: Time = 0.90; Amount = $128.25.**

- **3/28/2011:** Continue preparation of Motion (revised) to Compel Discovery and for Adverse Inference; Telephone conference with J. Brennan regarding same and need for SDT to Muller.  Time = 3.40; Amount = $969.00.  Again, Defendant objects to the time billed for work on the Motion to Compel.  As noted above, the Court declines to reduce compensation in that regard.  But, the court does reduce this request for fees by 1/2 as it is unclear who/what

---

[37] *See* Docket 78, p. 3.

SDT is.[38]  The remainder of the request is properly billed at the attorney rate. **Revised: Time = 0.45; Amount = $484.50.**

- **3/29/2011:** Final preparation of Motion to Compel, revised to reflect newest information; Email correspondence regarding same; Telephone conference with J. Brennan regarding final revisions, and regarding filing and service. Time = 4.60; Amount = $1,311.00.  As noted above, the Court declines to reduce compensation for counsel's work on the Motion to Compel.  The request is properly billed at the attorney rate.  **Revised: Time = 4.60; Amount = $1,311.00.**

- **4/6/2011:** Draft motion to reopen discovery, supporting declaration, and proposed order; Draft Certificate and Supplemental Declaration regarding efforts to resolve discovery issues; Email from opposing counsel regarding discussion with D. Mullen [sic].  Time = 2.60; Amount = $741.00.  The items detailed presumably relate to Docket 48 and are properly billed at the attorney rate.  **Revised: Time = 2.60; Amount = $741.00.**

- **4/7/2011:** Final preparation of Motion to Re-Open Discovery and Declaration of Steven V. Gibbons regarding same and proposed order; Arrange for filing and service via ECF; Receipt of order quashing depositions pending decision on motion to quash.  Time = 3.70; Amount = $1,054.50.  The filing and service via ECF is an administrative task and will be compensated at the rate of $175/hour.  Review of the order quashing the depositions is not appropriately included here for the reasons noted in Mr. Brennan's fee analyses for 3/28/2011.  The final preparation of the Motion is appropriately billed at the attorney rate.  The Court divides the entry into thirds (1.23 hours for each of the three tasks listed) and reduces the total time allowed by 1.23 hours. **Revised: Time = 2.46; Amount = $565.80.**

- **4/12/2011:** Receipt and begin analysis of Response to Motion to Compel, etc. Time = 0.90; Amount = $256.50.  This fee request is appropriate.  **Revised: Time = 0.90; Amount = $256.50.**

---

[38]While it is likely that Mr. Gibbons spent far more time on the preparation of the Motion than he did regarding his conference call, since he has not provided a more detailed breakdown of the matters, the Court divides the time in half as there are two tasks billed and one has been deemed ineligible for reimbursement.

- **4/14/2011:** Draft Reply to Response on Motion for application of Spoliation Rule; Telephone conference with local counsel regarding local rules issues (n/c).  Time = 2.60; Amount = $741.00.  The Court presumes n/c indicates no charge to the client.  This is fortunate as the Court would otherwise exclude this billed activity as there is no record of this conversation in Mr. Brennan's declaration.[39]  Noting the "n/c", the remainder of the entry is properly billed at the attorney rate.  **Revised: Time = 2.60; Amount = $741.00.**

- **4/18/2011:** Prepare (final) Reply on Spoliation Motion and file and serve same; Email to client regarding status.  Time = 1.90; Amount = 541.50.  The court will compensate counsel at the rate of $175/hour for the administrative tasks of filing and serving the Reply.  The remaining 2/3 of the time is properly billed at the attorney rate.  **Revised: Time = 1.90; Amount = $472.20.**

- **5/16/2011:** Receipt of Order regarding discovery issues and analysis of same.  Time = 0.60; Amount = $171.00.  This entry is appropriately billed at the attorney rate.  **Revised: Time = 0.60; Amount = $171.00.**

- **5/17/2011:** Email to client regarding Order entered and need for depositions; Telephone call to client.  Time = 0.50; Amount = $142.50.  This entry is appropriately billed at the attorney rate.  **Revised: Time = 0.50; Amount = $142.50.**

- **5/18/2011:** Email from opposing counsel regarding deposition and perpetuation of testimony and related matters; Email to local counsel regarding same.  Time = 0.30; Amount = $85.50.  This entry is appropriately billed at the attorney rate.  **Revised: Time = 0.30; Amount = $85.50.**

- **5/19/2011:** Email correspondence with opposing counsel regarding depositions and related outstanding discovery responses from defendants.  Time = 0.40; Amount = $114.00.  This entry is appropriately billed at the attorney rate.  **Revised:  Time = 0.40; Amount = $114.00.**

- **5/27/2011:** Telephone call to R. May regarding P. McDermott's expected arrival date in Alaska.  Telephone conference with office of Jim Brennan regarding SDT and Notices of Deposition to D.  Time = 1.60; Amount = $456.00.  Mr. McDermott's deposition was not included in the matters eligible for sanctions in the Court's Order at Docket 67.  The Court is unable to

---

[39] *See Green,* 225 F.R.D. at 615.

determine what/who SDT is.  As such, the court will only bill for one half of the second task, the notices.  **Revised: Time = 0.40; Amount = $114.00.**

- **6/2/2011:** Continue preparation for depositions of witnesses pursuant to court order; Review Interrogatory Responses regarding contact information for P. McDermott; Email with opposing counsel and local counsel regarding depositions. Time = 0.80; Amount = $228.00.  The Court will not compensate Plaintiff for work relating to Mr. McDermott as noted above.  The request is reduced by 1/3.  **Revised: Time = 0.53; Amount = $151.05.**

- **6/3/2011:** Continue preparation for depositions and perpetuation of testimony; Review case file.  Time = 1.40; Amount = $399.00.  As the notation is not specific to which depositions, and given that the Court only included two of the four depositions in the sanctions award, the Court reduces this request by 1/4 (or 0.35 hours).[40]  The remaining tasks are appropriately billed at the attorney rate.  **Revised: Time = 1.05; Amount = $299.25.**

- **6/5/2011:** Travel to Kodiak for depositions; Continue preparation of witness outline.   Time = 6.20; Amount = $1,767.00.  While in Kodiak, counsel took three depositions.  Only one of which was subject to sanction awards as noted in Docket 67.  Therefore, that portion of the request is reduced by 2/3.  The preparation of the outline is not specific and is reduced by 2/3 for the same reason the travel is reduced.  **Revised: Time = 2.07; Amount = $589.95.**

- **6/7/2011:** Final preparation for depositions of P. McDermott, D.J. Kewan, D. Skonberg and D. Muller; Depose McDermott, Kewan and Skonberg; Return to Anchorage; Email correspondence with local counsel.   Time = 9.90; Amount = $2,821.50.  The Court divides this entry into four parts.  Based on the information available via Alaska Airlines, it takes approximately 1 hour to travel from Kodiak to Anchorage.  Thus, part 4 of this entry accounts for 1 hour of billable time.  The Court further estimates that it took 0.1 hours of billable time to email local counsel.  That leaves 8.8 hours for parts 1 and 2.  The Court divides those 8.8 hours evenly between the two tasks.  For part 1, final preparation, only half of the depositions are subject to compensation pursuant to Docket 67.  As such, Mr. Gibbons is only entitled to 2.2 hours at

---

[40]This request differs from the 6/2/2011 request in that the 6/2 request references preparation pursuant to the Court's order.  The Court therefore presumes that this preparation pertained only to the two persons explicitly listed in that order, Devon Skonberg and Darren Muller.  *See* Docket 57.

his attorney rate.  For part 2, only 1 of the 3 persons deposed in Kodiak is included in the Order at Docket 67.  Therefore, Mr. Gibbons is entitled to 1.47 hours (or 1/3 of 4.4 hours).  The same rule applies to the time billed for his flight.  The Court will compensate him for 1/3 of that time.  The email correspondence time is properly billed.  **Revised: Time = 4.1; Amount = $1,168.50.**

- **6/8/2011:** Telephone conference with opposing counsel regarding contact with D. Muller; Telephone conference with local counsel regarding possibility of telephone deposition of D. Muller; Email correspondence regarding same; Return to Seattle.  Time = 6.20; Amount = $1,767.00.  It takes approximately 3 1/2 hours to fly from Anchorage to Seattle.[41]  Knowing that only 1 of the 3 depositions taken in Alaska is compensable under the Order at Docket 67, the Court allows for billing for 1/3 of the 3 1/2 hours for Mr. Gibbons flight.  The remaining activities are permissible.  **Revised: Time = 3.87; Amount = $1,102.95.**

- **6/9/2011:** Telephone conference with D. Muller to confirm deposition; Email correspondence with opposing counsel regarding same; review prior testimony in preparation for deposition; Depose D. Muller.  Time = 3.60; Amount = $1,026.00.  This entry is appropriately billed at the attorney rate.  **Revised:  Time = 3.60; Amount = $1,026.00.**

- **6/14/2011:**  Follow-up email correspondence regarding production and copying of video tapes received by opposing counsel from Devon Skonberg.  Time = 0.60; Amount = $171.00.     This entry is appropriately billed at the attorney rate.  **Revised: Time = 0.60; Amount = $171.00.**

- **6/17/2011:**  Receipt and begin review of D. Muller transcript (follow-up deposition) for supplement due to court on July 15.  Time = 1.20; Amount = $342.00.  This entry is appropriately billed at the attorney rate.  **Revised: Time = 1.20; Amount = $342.00.**

- **6/22/2011:** Email correspondence with local counsel regarding production of DVD's [sic] and preliminary assessment of content.  Time = 0.40; Amount = $114.00.  Consistent with the Court's assessment of Mr. Brenan's fees for 6/22/2011, the DVDs were discovered late in the case due to Defendant's

---

[41]*See* ALASKA AIRLINES, http://www.alaskaair.com (last visited Feb. 7, 2012).

failure to locate the images earlier in the matter.  As such, the fee is appropriately charged to Defendant pursuant to the Court's sanctions. **Revised: Time = 0.40; Amount = $114.00.**

- **6/23/2011:** Receipt of DVDs (3) of Kitoi Bay opener and review same.  Time = 1.70; Amount = $484.50.  As noted in the entry above, this fee is appropriate pursuant to the Court's Order.  **Revised: Time = 1.70; Amount = $484.50.**

- **7/13/2011:** Continue preparation of Supplement regarding spoliation motion.  Time = 0.60; Amount = $171.00.  This entry is appropriately billed at the attorney rate.  **Revised: Time = 0.60; Amount = $171.00.**

- **7/14/2011:** Outline Supplemental Declaration regarding Spoliation motion.  Time = 1.20; Amount = $342.00.  This entry is appropriately billed at the attorney rate.  **Revised: Time = 1.20; Amount = $342.00.**

- **7/15/2011:**  Final preparation of Supplemental Declaration Regarding Spoliation issue and email regarding same to local counsel; Email correspondence to client.  Time = 5.30; Amount = $1,510.50.  This entry is appropriately billed at the attorney rate.  **Revised: Time = 5.30; Amount = $1,510.50.**

- **7/18/2011:**  File exhibits to Supplemental Declaration and email correspondence with local counsel regarding same.  Time = 0.70; Amount = $199.50.  This task is more appropriately billed at the administrate rate of $175/hour.  **Revised: Time = 0.70; Amount = $122.50.**

- **7/29/2011:** Analysis of Defendants' [sic] unauthorized Supplemental Reply and prepare request for leave to Reply, after consultation with local counsel as required; Email to client regarding same.  Time = 3.40; Amount = $969.00.  The Supplemental Reply reference herein is found at Docket 61.   The document is seven (7) pages in length.   The Court believes a more reasonable amount of time for review of this document and preparation of a motion for leave to Reply (filed at Docket 62, three (3) pages in length) is 1.7 hours.  **Revised: Time = 1.7; Amount = $484.50.**

- **8/3/2011:**  Draft Reply and arrange for filing, pursuant to Court Order; Telephone conference with local counsel regarding software glitch resulting in filing under seal and need for call to court and opposing counsel regarding

Same; Attempt to refile Reply.  Time = 3.60; Amount = $1,026.00.  Defendant is not responsible for fees associated with "glitches" in Plaintiff's counsel's software.  Nor is Defendant responsible for the time associated with re-filing or consulting local counsel on this issue.  The Reply in this matter (Docket 65) is six (6) pages long and contains similar information to previous filings by Plaintiff.  As such, the Court estimates that 2.0 hours is a reasonable amount of time for the filing of the Reply.  Accordingly, the Court will allow for 2.0 hours for this entry.  **Revised: Time = 2.0; Amount = $570.00.**

Mr. Gibbons requested $19,019.50 in fees.  Based on the analysis above, the Court will award **$14,105.20.**

2.    Costs

Mr. Gibbons included entries for costs for the following items in his filing at Docket 71-1.

- **6/5/2011:** Travel mileage.  Amount = $78.72.  For the reasons noted above, travel on 6/5 for the depositions in Kodiak is, only 1/3 of the cost is reimbursable by the Defendant.  Accordingly, 2/3 of the requested cost will be excluded.  **Revised Amount = $26.24.**

- **6/7/2011:** Metro Court Reporting.  Amount = $976.59.  For the reasons noted above, for the depositions in Kodiak, only 1/3 of the cost is reimbursable by the Defendant.  Accordingly, 2/3 of the requested cost will be excluded.  **Revised Amount = $325.53.**

- **6/9/2011:** Seattle Deposition Reporters - deposition of Darren Muller.  Amount = $309.50.  This costs is appropriately billed.  **Revised Amount = $309.50.**

- **6/5 - 6/7/2011:** Meals and hotel.  Amount = $357.99.  For the reasons noted above, only 1/3 of these costs are appropriate.  **Revised Amount = $119.33.**

- **6/5 - 6/7/2011:** Airfare.  Amount = $1,194.30.  For the reasons noted above, only 1/3 of these costs are appropriate.  **Revised Amount = $398.10.**

- **6/5 - 6/7/2011:** Alaska ground transportation.  Amount = $297.83.  For the reasons noted above, only 1/3 of these costs are appropriate.  **Revised Amount = $99.28.**

Mr. Gibbons requested $2,689.23 in fees.  Based on the analysis above, the Court will award **$1,277.98**.

### IV.    Defendant's Objection to Compensating Plaintiff for Two Attorneys and Billing Judgment

The Defendant objects to being required to pay for the billings by two attorneys.[42]   Defendant argues that "when a party chooses two attorneys to represent it in a lawsuit, the opposing party is not required to pay for duplicitive work."[43]

In this matter, the Court has evaluated each and every request for fees and costs by both of Plaintiff's attorneys.  In general, the Court believes that the costs and fees requested by both attorneys are reasonable.  The attorneys worked together but the Court does not believe their work was necessarily duplicative.  Accordingly, the Court declines to reduce compensation sought by the Plaintiff as the work is not duplicative.

Defendant argues that the Court should exclude portions of Plaintiff's requested compensation on the basis of "billing judgment."  The Court has taken into

---

[42]Docket 74, p. 6.

[43]*Id.*  (citing *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996).

account Defendant's argument regarding billing judgment.  Billing judgment requires attorneys to exclude time that is not reasonable, is duplicative, excessive or improperly documented.[44]

The Court has accounted for "billing judgement" in its evaluation of each and every cost and fee request made by the Plaintiff.   In cases where the amount requested was excessive, the Court has included an explanation and corresponding alteration to compensation.

The Defendant also claims the amount of costs and fees requested is excessive in light of the total amount at issue in this case, $70,300.00.[45]  The Plaintiff sought items through discovery which he reasonably believed would contain images of the collision, thus bearing directly on the issue of fault.   Given that the items sought could likely determine the outcome of the entire case, it is not unreasonable that Plaintiff pursued those items through discovery.  It was unreasonable, however, that Defendant failed to preserve this evidence.   As such, the Court declines to adjust the costs and fees awarded on the basis that the amount of compensation is disproportionate to the total amount in controversy in this case.

//

//

---

[44]*See Ramos,* 713 F.2d 546.

[45]Docket 78, p. 5.

V.    Plaintiff's Success

Defendant argues that the Court should reduce the overall amount of compensation pursuant to sanctions because the Plaintiff was not successful in his requests.[46]  As noted in Section II above, Plaintiff "failed" to locate the missing evidence pursuant to his Motion to Compel only because Defendant failed to preserve it.  Plaintiff did succeed in reopening discovery in order to conduct further depositions and give the parties one more chance to locate the missing images. Finally, the Court did not find that the Defendant acted maliciously in his failure to preserve the missing evidence and so chose to employ the lesser sanction of costs and fees, as opposed to the Plaintiff's preferred remedy of an adverse inference. Therefore, Plaintiff only "failed" on one ground, that of a finding that Defendant's actions merited a lesser sanction than the one which was most desired.

Applying the holdings in *INS* and *Murakami*,[47] the Court finds that Plaintiff's award of costs and fees should not be adjusted to account for Plaintiff's "failure" as Plaintiff, in fact, succeeded in his Motion to Compel.  The Defendant failed to preserve evidence in this matter.  Implementation of sanctions at a lesser penalty is not sufficient to warrant a downward adjustment of fees in this matter.   It is

---

[46]*See* Docket 74, p. 6; Docket 78, pp. 5-6.

[47]496 U.S. 154; 2005 WL 1355113.

appropriate for him to pay for the costs and fees Plaintiff incurred as a result of that failure.

## VI.    Conclusion

Pursuant to Defendant's *Motion for Reconsideration* at Docket 74 the Court has meticulously reviewed Plaintiff's requests for costs and fees and reviewed the relevant pleadings filed by the parties.  The Court employed the lodestar calculation methods in analyzing the compensation sought by Plaintiff.  Following this thorough review, the Court finds that the Defendant shall compensate Plaintiff for fees in the amount of **$1,240.00** for attorney Brennan, costs in the amount of **$514.28** for attorney Brennan, fees in the amount of **$14,105.20** for attorney Gibbons and costs in the amount of **$1,277.98** for attorney Gibbons.  The total compensation due to Plaintiff from the Defendant is **$17,137.46**.

IT IS SO ORDERED.

DATED this   7th   day of February, 2012, at Anchorage, Alaska.

 /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge